UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

TIMOTHY BELL,                    )
                                 )
              Plaintiff,         )
v.                               )         No.: 16-cv-4101-SEM
                                 )
DR. SHAN JUMPER,                 )
                                 )
              Defendant.         )

### AMENDED MERIT REVIEW ORDER

This case comes before the Court to amend the merit review order [ECF 7] entered October 19, 2016, on the issue of assessing plaintiff a strike pursuant to 28 U.S.C. § 1915(g).

Plaintiff, a civil detainee at the Rushville Detention and Treatment Center, seeks leave to proceed in forma pauperis. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim,

even if part of the filing fee has been paid.  28 U.S.C. § 1915(d)(2).  Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ANALYSIS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*.  He asserts a deliberate indifference claim under 42 U.S.C. § 1983 against Defendant Dr. Jumper, the Clinical Director for the Department of Human Services ("DHS") Treatment and Detention Program.  As Plaintiff is a detainee rather than convicted prisoner, his § 1983 claim is reviewed    under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment.  The standard

of review, however, is the same under the Fourteenth Amendment, as under the Eight Amendment. *Zentmyer v. Kendall County, Ill.,* 220 F.3d 805, 810 (7th Cir. 2000).

Plaintiff files a confusing and unfocused complaint alleging that he is being forced to falsely admit to sexual assault so he can proceed through treatment. Plaintiff states that while he has committed sexual assaults, he was not reported to have used a weapon or to have beaten or tortured a woman during an offense. He does not, however, affirmatively deny using a weapon or beating or torturing a woman during an offense. Plaintiff claims that he is being pressured to disclose offenses "that has [sp] never been reported, charged, or convicted; Along with crimes that he had previously been acquitted for." Here, Plaintiff appears to object to disclosing sexually violent behavior which he committed, but which did not result in a criminal charge or conviction.

Plaintiff also complains that after three years of treatment he was given, and failed, a polygraph test. The therapist reportedly told Plaintiff that they would work on those issues which caused him to fail. Plaintiff claims that he told the truth,

yet still flunked the polygraph. He complains that he will "continue to be held up until he passes the polygraph test" and doubts he will ever be able to pass it.

Plaintiff asserts that Defendant Jumper has a conflict of interest as Jumper is "gathering research to support their theory that rape is a mental disorder and should be admitted in the American psychiatric association's diagnostic statistical manual for mental disorders". Plaintiff alleges that in furtherance of this research, Defendant Jumper has forced and manipulated him and others to provide false information about the offenses they have committed. Plaintiff asserts that this is a violation of his constitutional right to adequate mental health treatment.

Plaintiff requests injunctive relief, that the Court order Defendant to "properly identify alternative reasons why people commit sex offense, especially rapes, because there are a number of reasons they people commit sex offenses." He also asks that Defendant be ordered to stop forcing and manipulating Plaintiff and others to falsely claim that they are sexually attracted to the use of sexual violence against women.

The Eighth Amendment standard which applies in this case,

establishes that deliberate indifference to the serious medical needs of prisoners violates the Constitution. *Snipes v DeTella*, 95 F.3d 586, 590 (7th Cir 1996), citing *Estelle v. Gamble*, 429 U.S. 97,104 (1976). "In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the 'prison officials acted with a sufficiently culpable state of mind.'" *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008)(quoting *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005)). "With respect to the culpable state of mind, negligence or even gross negligence is not enough; the conduct must be reckless in the criminal sense." *Id* at 509 (internal citations omitted).

In this case, Plaintiff claims that he must admit to prior acts of sexual violence in order to progress through treatment. As Plaintiff, however, has been convicted of offenses of sexual violence, this appears to be a reasonable focus of treatment rather than deliberate indifference. Requiring that Plaintiff own up to his offenses, even if he was not criminally charged or convicted, fails to state a claim of cruel and unusual punishment

in violation of the Eighth Amendment.  *See Lee* at 509 (defendant's conduct must be "reckless in the criminal sense.")

Plaintiff also appears to allege that he is being forced to admit to episodes of sexual violence which never occurred. Plaintiff may not, however, assert a § 1983 claim for money damages where a finding in his favor would, of necessity, invalidate the underlying conviction.  *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "The rule of *Heck v. Humphrey* is intended to prevent collateral attack on a criminal conviction through the vehicle of a civil suit. To this end, *Heck* bars a plaintiff from maintaining a § 1983 action in situations where 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence…'" *McCann v. Neilsen,* 466 F.3d 619, 621 (7th Cir. 2006). The *Heck* bar applies unless "the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck* at 487.  Accordingly, Plaintiff must challenge his detention in state court first and pursue all possible appeals or other remedies available in the state court system before filing a habeas petition in federal court.

In this case, Plaintiff does not allege that his sexual violence convictions have been invalidated. As a result, finding that Plaintiff is innocent of the sexual violence which he has disclosed in treatment would call into question the validity of those convictions. *Id.* As a result, these claims are *Heck*-barred.

Plaintiff further alleges that Defendant Jumper has a conflict of interest and should be ordered to "properly identify alternative reasons why people commit sex offense…" These allegations are vague, nonsensical, and do not state a constitutional claim.

While Plaintiff appears dissatisfied with the treatment Defendant Jumper has rendered, this dissatisfaction will not rise to a constitutional claim "unless the medical treatment is 'so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition.'" *Snipes* at 592, citing, *Thomas v. Pate,* 493 F.2d 151, 158 (7th Cir. 1974). In this case, Plaintiff wishes to proceed through treatment without fully disclosing his history of sexual violence. While this might be his preference, he fails to allege that requiring such disclosure is blatantly inappropriate or injurious to him. As a

result, Plaintiff fails to state a constitutional violation as to this claim.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's claims that he was required to disclose sexual offenses for which he was not charged or convicted, that Defendant Jumper has a conflict of interest, and that he cannot pass a polygraph are dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff's allegations that he is being forced to admit sexual assaults which he did not commit is dismissed as *Heck*-barred. Any amendment to the Complaint would be futile as some claims fail to state cognizable constitutional claims and others are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) **The merit review order [ECF 7] issued on October 19, 2016, inadvertently assessed plaintiff a strike pursuant to 28 U.S.C. § 1915(g). Plaintiff is a civil detainee, who has**

**completed his term of incarceration and is now institutionalized at the Rushville Treatment and Detention Facility. Plaintiff is not a "prisoner" as that term is defined in 28 U.S.C. § 1915(h)("the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for violation of criminal law ..."). Accordingly, the Clerk is directed to remove reference to the the strike from the three-strike log.**

3)   Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4)   If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to

present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED this 2nd day of November, 2016

s/ Sue E. Myerscough<br>
SUE E. MYERSCOUGH<br>
UNITED STATES DISTRICT JUDGE